U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
'09 OCT 30 A9:25
JON W. SANFILIPPO
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. **09 CR-272**

ROBERT M. MOEHRKE,
aka Robert M. Moehrkey,

    Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Michelle L. Jacobs, United States Attorney for the Eastern District of Wisconsin, and Elizabeth Blackwood, Assistant United States Attorney, and the defendant, Robert M. Moehrke, individually and by Attorney Jonathan C. Smith, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a one-count information, which alleges a violation of Title 21, United States Code, Section 843(b).

3. The defendant has read and fully understands the charges contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

THE UNITED STATES ATTORNEY CHARGES:

On or about May 25, 2006, in the State and Eastern District of Wisconsin,

**ROBERT M. MOEHRKE,
aka Robert M. Moehrkey,**

knowingly and intentionally used a communication facility, to wit: a telephone, in committing, and in causing and facilitating the commission of an act or acts constituting the possession and attempted possession, with the intent to distribute, cocaine, a Schedule II controlled substance, a felony under the provisions of Title 21, Chapter 13, Subchapter I, of the United States Code.

In violation of Title 21, United States Code, Section 843(b).

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts contained in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. Attachment A is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 4 years in prison

2

and $250,000. The offense also carries a mandatory special assessment of $100.00, and up to 1 year of supervised release.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of Using a Telephone Facility in Furtherance of a Drug Trafficking Crime, as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant used a communication facility, namely the a telephone;

Second, that the use of the telephone facilitated the commission of the attempting to possess with intent to distribute cocaine, a Schedule II controlled substance ; and,

Third, that the use of the telephone was knowing or intentional.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5.

3

The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating

4

the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual §1B1.3, the sentencing judge will consider not only the weight of the drugs alleged in the offense to which the defendant is pleading guilty, but also the weight of any additional drugs that were involved as part of the same course of conduct or common scheme or plan as the offense of conviction; and the judge will use the total weight of the drugs involved in calculating the sentencing guidelines range, even if not alleged in the offense of conviction. For purposes of determining the defendant's base offense level under the sentencing guidelines, the parties agree to recommend to the sentencing court that, based on evidence available to the government and admissible against the defendant, the government is able to establish by a preponderance of the evidence that the drug quantity attributable to the defendant is 252 grams of cocaine, and 12 grams of heroin.

### Base Offense Level

17. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense is 22 under Sentencing Guidelines Manual §2D1.1 and § 2D1.6.

### Specific Offense Characteristics

18. The parties agree to recommend to the sentencing court that no adjustment for any specific offense characteristic is applicable to the offense level for the offense.

5

### Role in the Offense

19.     Pursuant to Sentencing Guidelines Manual § 3B1.1 and 3B1.2, the parties agree to recommend to the sentencing court that no adjustment be given for an aggravating or mitigating role in the offense.

### Acceptance of Responsibility

20.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

21.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

23. The government agrees to recommend a sentence within the applicable sentencing guideline range.

## Court's Determinations at Sentencing

24. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

26. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

27. The defendant agrees that, during the period of any supervised release imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU

7

with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

## Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

29. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

> a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.
>
> b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.
>
> c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.
>
> d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant.

8

>           The defendant would be able to confront witnesses upon whose testimony
>           the government is relying to obtain a conviction and he would have the
>           right to cross-examine those witnesses. In turn the defendant could, but is
>           not obligated to, present witnesses and other evidence on his own behalf.
>           The defendant would be entitled to compulsory process to call witnesses.
>
>     e.    At such trial, defendant would have a privilege against self-incrimination
>           so that he could decline to testify and no inference of guilt could be drawn
>           from his refusal to testify. If defendant desired to do so, he could testify
>           on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

33. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

34. The defendant knowingly and voluntarily waives any claim or objection he may have based on venue.

## GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

37. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to

10

appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

39. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

11

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 10/27/09

ROBERT M. MOEHRKE
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 10/27/09

JONATHAN C. SMITH
Attorney for Defendant

For the United States of America:

Date: 10-29-09

MICHELLE L. JACOBS
United States Attorney

Date: 10/29/09

ELIZABETH BLACKWOOD
Assistant United States Attorney

12

Attachment A
(*United States v. Robert Moehrke*)

    Gregory Jackson was a cocaine distributor, who was the subject of a wiretap investigation in 2006. Numerous telephone calls between Jackson and Robert Moehrke were intercepted during the term of the wiretap.

    Jackson subsequently cooperated with law enforcement, and advised that Moehrke was his upstairs neighbor and landlord in Kenosha, Wisconsin. Jackson said that Moehrke distributed cocaine in Kenosha, Wisconsin, and obtained his cocaine through Jackson.

    During an intercepted telephone call on May 25, 2006, there was a conversation between Jackson and Moehrke. During the call, they discussed their drug trafficking. Jackson told Moehrke that they needed to sell the cocaine at a lower prices than their customers' other cocaine suppliers. Moehrke agreed with Jackson, and talked about how they needed to "steal" customers from their competitors.

    During this call, both Jackson and Moehrke were located in the Eastern District of Wisconsin.

13